ADELBERT MOOT, as Trustee, Respondent, v. THE BUSINESS MEN'S Investment Association, Appellant.

*Contract for the sale of real estate in which time is of its essence — subsequent readiness to perform insufficient.*

Where in a written contract for the sale of real estate, it is expressly stipulated that time shall be of its essence, and the search required by the contract does not show that at the time fixed for performance the vendor has a good and satisfactory title, the vendee cannot be compelled to take the title.

Where, in such a case, the vendee brings an action to recover a sum paid on account of the contract, it is of no importance, as bearing upon the rights of the vendee, that the court finds that, at the time its decision is made in the. action, the vendor has a good title to the premises.

APPEAL by the defendant, The Business Men's Investment Association, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 8th day of January, 1895, upon the decision of the court: rendered after a trial at the Erie Special Term.

*Spencer Clinton*, for the appellant.

*Adelbert Moot*, for the respondent.

WARD, J.:

The defendant is a corporation. Mr. Moot, as trustee, represented certain parties, whom we shall style the plaintiff. On the. 5th of May, 1893, the plaintiff and defendant entered into a contract in writing, whereby the defendant agreed to sell to the plaintiff certain real estate in the city of Buffalo for $127,400, for which plaintiff agreed to pay in installments, except the sum of $1,000, which was paid upon the execution of the contract by the plaintiff to the defendant. Four thousand dollars was to be paid upon the delivery of a deed of said premises, which should be on or before May 20, 1893. The balance was to be secured by assuming a mortgage upon the premises, and executing another mortgage, and if such-payments were made and security given the contract provided that the defendant would, " on or before the 20th day of May, 1893, execute and deliver to the parties of the second part (the plaintiff) a good and sufficient deed of said premises containing a

covenant of warranty, which deed shall convey good and satisfactory title, a search truly showing the condition of the title being furnished at the expense of the party of the first part (the defendant)," and the contract further provided: "And it is further expressly agreed that time is of the essence of this contract, and that performance thereof must be made on or before said 20th day of May, 1893."

The plaintiff performed the contract so that he was entitled to the search and deed provided therein, on the 20th of May, 1893. The learned court found as a fact " that while said contract was still in force, the defendant delivered to the plaintiff a search of the premises in question. That said search did not show good and satisfactory title and did not show the condition of the title of the defendant to said premises; that said search showed the notice of pendency of an action in partition in the Superior Court of Buffalo, in which Everard Palmer is plaintiff and Cynthia J. Curtiss and others are defendants, and said search also showed that by the records in the clerk's office of the county of Erie a certain judgment in said action of partition of a part of the premises in question and others in the Superior Court of Buffalo, which judgment was entered in the office of the clerk of the Superior Court of Buffalo on the 24th day of July, 1866, and a copy thereof was recorded in the Erie county clerk's office with the report of commissioners therein on the fourth day of August, 1866, in liber 258 of deeds, at page 383, showed that a portion of the premises in question was described therein." " That no search was ever delivered to the plaintiff or his attorney while said contract remained in force, showing good and satisfactory title or truly showing the condition of the title of the defendant."

The plaintiff refused to accept the search as offered, and subsequently brought this action to recover the $1,000 paid upon the contract, with interest. The decision of the court was filed January 8, 1895. At the time of such decision the court found " that the defendant now has good title to the premises in question by virtue of various deeds and judgments," etc., which the court proceeds to enumerate, but the court also found that " time was of the essence of said contract, and after said contract had ceased to exist by virtue of its terms, or by virtue of extensions thereof,

the plaintiff was not and is not under obligations to accept the title since tendered plaintiff by defendant in this action."

The court also found that the plaintiff had demanded the repayment of the $1,000 advanced and was entitled to recover the same with interest. The action was commenced August 10, 1893. The trial was had the 6th of September, 1894. The evidence in this case sustains the findings of the court set forth above. This was an important contract involving the sale of valuable property at a period of rapid sales and exchanges in Buffalo of real estate, and time was material; hence, it was stipulated that it should be of the essence of the contract, and stipulated that the defendant should not only convey title to the property, but should on the twentieth of May produce a search that should exhibit such title.

The parties, by their contract, made the exhibition of such a search a condition precedent to further performance of the contract on the part of the plaintiff, and it was immaterial that the court should be able to say a year and a half after that time, and after action had been brought to recover the purchase money paid, that the defendant then had title, and the court properly refused to compel the plaintiff to take the title tendered after that lapse of time when circumstances and the conditions of property may have greatly changed.

We find no reversible error in the proceedings of the trial court, and the judgment should be affirmed.

LEWIS, BRADLEY and DAVY, JJ., concurred.

Judgment affirmed, with costs.